## Spack Unemployment Compensation Case.

Argued June 12, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*David Weinstein,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., September 12, 1963:

In this unemployment compensation case the bureau, the referee and the board all concluded that the appellant was not entitled to receive unemployment compensation benefits because he had failed to meet the availability requirements of §401(d) of the Unemployment Compensation Law, 43 PS §801(d).

Appellant filed an application for unemployment compensation benefits as of April 11, 1961 following an honorable discharge from the United States Air Force. In the latter part of August 1961 he entered into an agreement with the proprietor of the Embassy Record Land, a music record store, where he worked six hours a day, four days a week, Thursday, Friday, Saturday and Sunday. The employer offered to pay the appellant wages but he declined the offer because he would be required to report the receipt of the wages and thus defeat the unemployment compensation payments which he was then receiving. He exhausted his entitlement to benefits on November 20, 1961. On November 27, 1961 the employer began paying him $50.00 a week for the services which he continued to perform

just the same as he had performed them during the benefit period. At the time of the remand hearing on October 3, 1962, he was still employed by this employer.

The board found that appellant was not available for work during the period involved and that he was therefore ineligible to receive benefits within the meaning of §401(d), as above stated. The evidence was adequate to support the finding of the board and is, therefore, binding upon us. The appellant could have been paid wages, if he had desired, but refused for the sole purpose of circumventing the provisions of the law which required him to report the receipt of any compensation.

We think the appellant might also have been held ineligible to receive compensation under §401(e, 2) because compensation either had been paid or was payable for the work which he was performing. The only reason why this compensation was not paid was because the appellant declined to receive the same. The acceptance of compensation immediately following the termination of the benefit period clearly reveals the sham and dishonesty employed in this case.

Decision affirmed.